FORM 17. Informal Reply Brief

Form 17 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

RECEIVED
NOV - 8 2023
United States Court of Appeals
For the Federal Circuit

**Case Number:** 23-2120

**Short Case Caption:** Golden v. Samsung

**Petitioner/Appellant:** Larry Golden

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.

You may attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you received a copy of the respondent/appellee's response brief?

☑ Yes ☐ No

**STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

THE DISTRICT COURT IMPROPERLY APPLIED "ISSUE PRECLUSION" AND THE "KESSLER DOCTRINE" IN THIS CURRENT CASE ONLY TO DISMISS THE CASE. THE DISTRICT COURT IMPROPERLY APPLIED THE FEDERAL CIRCUIT'S DECISION OF "WITH PREJUDICE" OVER THE FEDERAL CIRCUIT'S DECISION OF "WITHOUT PREJUDICE" IN THIS CASE. THE DISTRICT COURT CANNOT ADEQUATELY ADJUDICATE MY CASE ON A 'SINGLE CLAIM LIMITATION'

3. Are there other arguments you wish to make? ☑ Yes ☐ No
   If yes, please state them.

THE U.S. DISTRICT COURT FOR THE DISTRICT OF NORTHERN CALIFORNIA IS BOUND BY THE DECISIONS OF THE U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT: [Vertical Stare Decisis] The Federal Circuit has developed a large body of precedent governing patent cases: how to interpret patent claims, how infringement must be proved, how invalidity must be established, and how damages must be calculated. Successful patent litigation in the district courts requires diligently the following of the Federal Circuit's pronouncements on those issues. Samsung is bound by the Federal Circuit's determination that "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the [] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "in a relatively straightforward manner". Samsung is actually barred by issue preclusion from re-litigating the issue of Samsung's alleged infringing smartphone, which maps features to at least independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189, "in a relatively straightforward manner":

Date: 11/06/2023

Signature: *Larry Golden*

Name: Larry Golden

## 28 U.S. Code § 144 - Bias or prejudice of judge

This reply in support of my informal pleadings, also serves as a timely and sufficient notice that the District Court Judge from whom this matter has been appealed has a personal bias and prejudice against me in favor of Samsung. This reply will outline the factual history for reasons of belief that bias and prejudice started with, and exists with, the Claims Court Judge and the S.C. Magistrate Judge, that has now landed with the District Court Judge in this current case:

> "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding" … "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within time."

If timing is at issue, this reply in support of my informal pleadings will reveal that now is the perfect time for addressing the matter of personal bias and prejudice against me in favor of Samsung in the District Court because it tasks the Appellate Court with sending this case back to the District Court with instructions to assign another Judge to hear my case.

The District Court is also in violation of Rule 2.2 of the 2007 ABA Model Code of Judicial Conduct on impartiality and fairness for self- represented litigants.[1]

---

[1] Rule 2.2 of the 2007 ABA Model Code of Judicial Conduct on impartiality and fairness addresses a judge's role in cases involving self-represented litigants … recommend that states consider adopting Rule 2.2 with the inclusion []: (A) A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially. (B) A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of all litigants, including self-represented litigants, to be fairly heard. *Fairness and Public Trust Committee – 2012*

## THE DISTRICT COURT IMPROPERLY APPLIED "ISSUE PRECLUSION" AND THE "*KESSLER* DOCTRINE" IN THIS CURRENT CASE ONLY TO DISMISS THE CASE

The Federal Circuit has already determined that 28 U.S.C. § 1498(a) is its own cause of action, "[i]n *Zoltek V*, the appellate court emphasized that § 1498(a) is "its own independent cause of action" with three elements to trigger government liability: (1) the invention must be claimed in a patent; (2) it must be "used or manufactured by or for the United States"; and (3) the "use or manufacture" of the patented invention must be done without license or lawful right" See *Zoltek Corp. v. United States* (*Zoltek V*) 672 F.3d at 1321, 1323.

In *Larry Golden v. Apple Inc., Samsung Electronics USA, et al*, DSC Case No. 6:19-cv-02557-DCC, Report of Magistrate Judge Kelvin F McDonald, Filed 01/09/20 Dkt. 27, the Magistrate Judge continually ignored the precedence set by the Circuit and insisted I defend my case against his own interpretation of the law. The Magistrate Judge is quoted as saying, he:

> "recommends dismissal of the case because the amended complaint makes clear that the instant action is duplicative of pending litigation in the Court of Federal Claims" … "the instant matter is subject to summary dismissal because as evidenced in the plaintiff's amended complaint (and exhibits), the instant action is duplicative of the action pending in the Court of Federal Claims"

The Magistrate Judge started the big lie that litigation under 28 U.S.C. § 1498(a) is the same as litigation under 35 U.S.C. § 271(a). The District Court erred for condoning the big lie, but the only way the big lie has sustained itself over several lawsuits by the Defendant(s) and against me, is because I am an African American who brought a claim for property against a White-owned company:

> "[t]he defendants' alleged patent infringement is substantially identical to that asserted in Case Number 1, [*Golden v. United States*, C/A No 1:13-cv-00307-SGB], with the

> exception that the instant matter involves third parties as infringers instead of the government."

The Magistrate Judge admitted in *Golden v. Apple Inc., Samsung Electronics USA, et al*, DSC Case No. 6:19-cv-02557-DCC that the District Court case and the Claims Court case involves different defendants, [which nullifies the District Court findings of preclusion]; the Magistrate Judge preceded to dismissing my case because I am an African American who brought a claim for property against a White-owned company:

> "Indeed, 'although the instant matter [] involves different defendants than Case Number 1', 'the plaintiff's filings make clear that they are third party actors for the government's infringing actions, which is the basis for Case Number 1,'".

On appeal, in *Larry Golden v. Apple Inc., Samsung Electronics USA, et al* Case: 20-1508 Document: 16 Filed: 09/03/2020. The Federal Circuit ***rejected*** the Magistrate Judge Kelvin F McDonald's recommendation that the S.C. District Court's *Golden v. Apple Inc., Samsung Electronics USA, et al*, case be dismissed for duplicity. The District Court is quoted as saying:

> "After Golden amended his complaint, the Magistrate Judge recommended dismissal without prejudice and without service of process because the case was duplicative of parallel proceedings Golden brought against the government in the Court of Federal Claims" … "Golden objected to the Magistrate Judge's Report and Recommendation, arguing that the present action was not duplicative but was instead a separate action against nongovernmental entities for patent infringement" … "Golden argues on appeal that what the district court failed to appreciate is that while the earlier action asserted unfair acts by the government, the present action allegedly involves the infringing acts of third parties unrelated to any activities of the government" … "we affirm the district court's dismissal ***without prejudice*** [], not on the basis of duplicity…"

In this current case on appeal *Larry Golden v. Samsung Electronics America, Inc.* 3:23-cv-00048-WHO Dkt. 36 Filed 06/08/23, the District Court erred in dismissing my case as

duplicative (exactly the same) as the case *Golden v. United States*, C/A No 1:13-cv-00307-SGB. The District Court is quoted as saying:

> "[T]he patent infringement claims asserted against it are barred by issue preclusion and the *Kessler* doctrine because Golden asserted the exact same patent infringement claims against Samsung's customer (the United States) over Samsung's products and lost. See *Golden v. United States*, No. 2022-1196, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022) (affirming Court of Claims dismissal of suit against the United States based on Samsung and other cellphone manufacturers' infringement of Golden's patents)"
>
> "Golden was given a full opportunity to litigate his claims regarding Samsung's products in his Federal Court of Claims case. His complaint was dismissed with prejudice, and that dismissal was affirmed by the Federal Circuit. See generally *Golden v. United States*, 2022 WL 4103287. Traditional principles of preclusion apply to that decision and the *Kessler* doctrine bars Golden's attempt to sweep in newer Samsung products under the identical theories of infringement rejected by the Federal Court of Claims…" *Larry Golden v. Samsung Electronics America, Inc.* 3:23-cv-00048-WHO Dkt. 36 Filed 06/08/23

The Federal Circuit distinctly and clearly stated my case *Golden v. United States*, C/A No 1:13-cv-00307-SGB is not a duplicate of any case I may bring in the District Courts against private parties. But yet, the District Court completely ignored the Federal Circuit's decision and dismissed my case as duplicative or as having been fully litigated under issue preclusion. There are several reasons that supports the Federal Circuit's decision:

1. The Federal Claims Court has jurisdiction to adjudicate cases brought against the U.S. Government for money damages in excess of $10,000;
2. Samsung, while performing work for the Government, under a government contract, and with the authorization and consent of the Government, is immune from patent infringement liability;

3. In 2012, *Zoltek V* made it no longer necessary to prove direct infringement under 35 U.S.C. § 271(a) [alleged patent infringement by private entities] as a predicate to proving direct infringement under 28 U.S.C. § 1498(a) [alleged patent infringement by the Government];
4. Samsung, never claimed as an affirmative defense in this current case that Samsung was performing work for the government, and with the authorization and consent of the Government, under 28 U.S.C. § 1498(a). When issued a notice to appear by the Government to protect any interest Samsung may have i.e., an affirmative defense against infringement of a patent for a smartphone that may be brought against Samsung in future litigations, Samsung fail to appear; and,
5. A claim of only direct infringement can be brought against the Government in the Federal Court of Claims under 28 U.S.C. § 1498(a), whereby claims of direct infringement § 271(a), induced infringement § 271(b), contributory infringement § 271(c), and willful infringement can, and have been brought against Samsung as a private entity.

Therefore, unlike what the District Court stated, the traditional principles of preclusion do not apply to the decision made in the Federal Court of Claims case, and the *Kessler* doctrine does not bar me from filing a complaint of alleged patent infringement against Samsung (not Samsung's customer (the United States)) as a private entity.

## THE DISTRICT COURT IMPROPERLY APPLIED THE FEDERAL CIRCUIT'S DECISION OF "WITH PREJUDICE" OVER THE FEDERAL CIRCUIT'S DECISION OF "WITHOUT PREJUDICE" IN THIS CASE

The District Court improperly applied the Federal Circuit's decision of "with prejudice" in *Golden v. The United States* CAFC case no. 22-1196 over the Federal Circuit's decision of "without prejudice" in *Golden v. Apple Inc., Samsung Electronics USA, et al* CAFC case no. 22-1229:

> "Mr. Golden "failed to include factual allegations beyond the identities of the Defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents." Dist.

Ct. Op. at 4–5 … [t]his is plainly insufficient. We see no error in the district court's without prejudice dismissal of the [Samsung] case" that is applicable to this current case.

My current lawsuit against Samsung that was dismissed without prejudice in the S.C. District Court is treated as if it were never filed, which means the District Court dismissal of my case because the case has already been fully litigated, is without question, incorrect.

The South Carolina District Court Magistrate Judge McDonald in *Larry Golden v. Apple Inc., Samsung Electronics USA*, et al C/A No. 6:20-cv-04353-JD-KFM moved from "not enough" toward "to much" and the S.C. District Judge Dawson III corrected the Magistrate Judge but dismissed my case for "not enough" factual allegations to support a claim for relief, only to dismiss my case because I am an African American who brought a claim for property against a White-owned company, Samsung, in his racially discriminatory South Carolina Court:

> ***"not enough"*** "[a]s noted by this court previously, the plaintiff's patent infringement claims in this action are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents (see generally doc. 10)."
>
> ***"to much"*** "[t]he plaintiff cannot cure the frivolousness of this action by arguing that he was not allowed to submit a complaint long enough to include the necessary factual allegations (doc. 10 at 11 (indicating that additional factual allegations were contained in the material that was returned to the plaintiff for being in violation of "the page limit")).
>
> ***"back to not enough"*** "[a]ccordingly, on February 5, 2021, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended summary dismissal of the complaint with prejudice and without issuance of service of process or leave to amend his complaint. The Report further recommended that this Court consider the entry of sanctions in the amount of $400.00" … "As noted by this Court previously, the Plaintiff's patent infringement claims in this action are subject to dismissal because the Plaintiff has failed to include factual allegations beyond the

identities of the Defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents" ... "**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed ***without prejudice***..."

> "The Court is mindful of the Magistrate's previous order (DE 1) imposing a thirty-five (35) page limit for Plaintiff's complaint and notifying him that his case is not in proper form for service because inter alia Rule 8, Fed. R. Civ. P., requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff previously filed his complaint and exhibits numbering more than 300 pages. While Plaintiff's current complaint totals 34 pages and he has raised an objection to the 35-page limit imposed by the Magistrate, this Court modifies the Magistrate's previous order and the Report and hereby lifts the 35-page limit restriction for an amended complaint.

My case was dismissed ***without prejudice*** in the S.C. District Court. This dismissal ***without prejudice*** allowed me the opportunity to move my case away from who I believe to be a racist Magistrate Judge [McDonald] who lacks the ability to be impartial and unbiased.

The District Court fail to adjudicate the following in this new, never been filed before, current case against Samsung:

1. whether I have simply given Samsung fair notice of what my claim is and the grounds upon which it rests. *Swierkiewicz*, 534 U.S. at 512.
2. whether the Court is in a position to accept as true the well-pleaded factual allegations of my filed as knew Samsung complaint. *Twombly*, 550 U.S. at 555
3. whether my recitals of the elements of the causes of action, supported more than mere conclusory statements. *Iqbal*, 556 U.S. at 678.
4. whether I have set forth sufficient factual matter accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555.
5. whether my factual allegations are sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555
6. whether I have set forth "the grounds of my entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56

# THE U.S. DISTRICT COURT FOR THE DISTRICT OF NORTHERN CALIFORNIA IS BOUND BY THE DECISIONS OF THE U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## *Vertical Stare Decisis: The "Smartphones" of Samsung*

The United States Court of Appeals for the Federal Circuit is a federal court that has special importance in patent law. The Federal Circuit does not have jurisdiction over a particular region. Instead, it has jurisdiction over all appeals in cases that "arise under" the patent laws. The Federal Circuit's jurisdiction over appeals in patent cases is exclusive. Other circuit courts cannot review decisions in those cases.

Congress created the Federal Circuit in 1982 to be a court with specialized expertise in patent law. In giving it exclusive jurisdiction over patent cases, Congress aimed to ensure that the interpretation of the patent laws, and applicable legal precedent, would be uniform throughout the nation, and not vary among regional circuits.

Consistent with that, the Federal Circuit has developed a large body of precedent governing patent cases: how to interpret patent claims, how infringement must be proved, how invalidity must be established, and how damages must be calculated. Successful patent litigation in the district courts requires diligently the following of the Federal Circuit's pronouncements on those issues. Samsung is bound by the Federal Circuit's determination that "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the [] ***Smartphone***, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "in a relatively straightforward manner".

Vertical stare decisis binds lower courts to follow strictly the decisions of higher courts within the same jurisdiction (e.g., the Northern District of California Court must follow the decisions of the U.S. Court of Appeals for the Federal Circuit). The Supreme Court defines

vertical stare decisis as the doctrine, "a lower court must strictly follow the decision(s) handed down by a higher court within the same jurisdiction".

A court engages in vertical stare decisis when it applies precedent from a higher court. For example, if the Northern District of California Court adhered to a previous ruling from the United States Court of Appeals for the Federal Circuit, in *Larry Golden v. Google LLC*; Case No. 22-1267, that would be vertical stare decisis.

The Federal Circuit on 09/08/2022, in *Larry Golden v. Google LLC*; Case No. 22-1267 determined under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), that the alleged ***smartphone*** either literally infringes or infringes under the doctrine of equivalents.

In the Samsung complaint, I included detailed claim charts mapping features of Samsung Galaxy ***Smartphone***, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189, in a relatively straightforward manner, the same as I did with the ***smartphone*** in the Google case. Which means I pled enough facts in this Samsung case to raise a reasonable expectation that ***discovery*** will reveal' that Samsung is liable for the misconduct alleged.

> The Three-Judge Panel Discussion in *Larry Golden v. Google LLC*; Case No. 22-1267: "Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 … [T]his standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted) … this court has explained that a plaintiff … must plead "'enough fact[s] to raise a reasonable expectation that ***discovery*** will reveal' that the defendant is liable for the misconduct alleged."

As discussed earlier, Samsung is actually barred by issue preclusion from relitigating the issue of Samsung's alleged infringing smartphone, which maps features to at least independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189, "in a relatively straightforward manner":

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the [] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189 … It [claim chart] attempts [] to map claim limitations to infringing product features, and it does so in a relatively straightforward manner …[W]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart…."

Vertical Stare Decisis bars Samsung from challenging whether I have plead enough facts and provided sufficient notice to the Defendant Samsung of my "new, improved upon, and useful cell phone". The Federal Circuit's ruling: "the complaint includes a detailed claim chart mapping features of an accused product, the [] ***Smartphone***, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … 'in a relatively straightforward manner'". The independent claims cover my "new, improved upon, and useful cell phone".

Vertical stare decisis, or vertical precedent, is the obligation of the Northern District of California Court to follow the decisions of the United States Court of Appeals for the Federal Circuit that falls within the hierarchical structure. Vertical stare decisis and precedent, are a matter of hard law, not a matter of policy.

To avoid adhering to the doctrine of *vertical stare decisis* the District Court diverted the attention away from my "new, improved upon, and useful cell phone" e.g., my patent claims for a smartphone to that of a system for locking, unlocking, or disabling a lock upon detection.

## THE DISTRICT COURT CANNOT ADEQUATELY ADJUDICATE MY CASE ON A 'SINGLE CLAIM LIMITATION'

The District Court narrowed the scope of my patented "new, improved upon, and useful cell phone" invention to that of a single claim limitation, "Golden owns various patents directed to systems for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, or biological hazards".

The specific patents at issue in this case for my patented "new, improved upon, and useful cell phone" are U.S. Patents 9,589,439 ("the '439 patent") that includes eleven (11) independent patent claims for the smartphone (i.e., new, improved upon, and useful "cell phone"); 9,096,189 ("the '189 patent") that includes nine (9) independent patent claims for the smartphone (i.e., new, improved upon, and useful "cell phone"); 10,163,287 ("the '287 patent") that includes six (6) independent patent claims for the smartphone (i.e., new, improved upon, and useful "cell phone"); and, 10,984,619 ("the '619 patent") that includes two (2) independent patent claims and eighteen (18) dependent patent claims for the smartphone (i.e., new, improved upon, and useful "cell phone"). That's a combined total of forty-six (46) independent and dependent patent claims for my patented smartphone (i.e., new, and useful "cell phone").

That's a combined total of two hundred and fifty-three (253) claim limitations of the combined total of twenty-eight (28) independent claims and eighteen (18) dependent patent claims for my patented smartphone new, improved upon, and useful "cell phone") that does not include a claim limitation for "locking, unlocking, or disabling a lock upon the detection of chemical, radiological, or biological hazards".

The specific patents at issue in this case for my patented "new, improved upon, and useful cell phone" has written support in the patent specifications for a lock disabling mechanism that locks upon detection of an unauthorized user of my patented "new, and useful cell phone":

> "It is still yet a further objective of the present invention to provide a [] disabling lock system wherein the disabling lock system prevents the unauthorized entry, access [] of the products included in the several product groupings." … "Product grouping 4 (monitoring & communication devices) include, but are not limited to, mobile communication devices, [] wireless [] devices, [] cell phones, [] handhelds;"

The specific patents at issue in this case for my patented "central processing unit (CPU)" are U.S. Patents 10,163,287 ("the '287 patent") that includes three (3) independent patent claims for the "central processing unit (CPU); and, 10,984,619 ("the '619 patent") that includes two (2) independent patent claims and eighteen (18) dependent patent claims for the "central processing unit (CPU). That's a combined total of twenty-three (23) independent and dependent patent claims for my patented "central processing unit (CPU).

That's a combined total of sixty-one (61) claim limitations of the combined total of twenty-three (23) independent and dependent patent claims for my patented "central processing unit (CPU) that does not include a claim limitation for "locking, unlocking, or disabling a lock upon the detection of chemical, radiological, or biological hazards".

Independent claim 1 of my '497 patent and independent claim 10 of my '752 patent does include a lock disabling mechanism limitation for my "new, improved upon, and useful cell phone" that is "interconnected to the CPU", and "receiv[es] transmission from the CPU to lock or disable the lock on the product".

## CONCLUSION

The District Court's posture toward procedural correctness for me, and litigation avoidance for Samsung makes it impossible for me, an African American *Pro Se* litigant, to simply serve "notice" on Samsung of the actions alleged.

The decision of the District Court should be reversed for the above reasons of ignoring and overlooking my case as "to unbelievable" or "to fantastical" for an African American.

The District Court cannot see the hand writing on the wall when the Court's back is already against it. As long as the Court is in disbelief that an African American is the inventor of the smartphone (i.e., new, improved upon, and useful "cell phone"), the Court will never be able to adjudicate this case fairly because of its inability to be unbiased and its inability to treat me equally, fair, and just. I don't see the Court getting pass this issue, therefore, the demanded jury trial is only fair. Adjudicating my case without a jury prejudices me.

The District Court ignored my independent patent claims 1-9 of the '189 patent; claims 13-23 of the '439 patent; and claims 4-6 of the '287 patent, for the smartphone. Which means the District Court created a loophole for Samsung to illegally infringe my patented inventions and sent the message that it is okay to unjustly enrich yourself on the patented inventions of others, so long as the Inventor is African American (Black).

Sincerely,

Date: November 6, 2023

Larry Golden

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
Email: atpg-tech@charter.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day November, 2023, a true and correct copy of the foregoing "Plaintiff-Appellant's Corrected Reply Brief", was served upon the following Defendant by priority "express" mail:

Hyun Sik Byun
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306
Phone: (650) 632-4707
Email: hbyun@cov.com

Larry Golden

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605

UNITED STATES POSTAL SERVICE

20439

NOV 07, 2023

$28.75

RDC 07

R2304H108690-09

FOR DOMESTIC AND INTERNATIONAL USE

PLACE MAILING LABEL HERE

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EJ 772 067 995 US

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT) PHONE (864) 288-5605

LARRY GOLDEN
740 WOODRUFF RD.
#1102
GREENVILLE, SC 29607

**DELIVERY OPTIONS (Customer Use Only)**

☒ **SIGNATURE REQUIRED** *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**

- ☐ No Saturday Delivery (delivered next business day)
- ☐ Sunday/Holiday Delivery Required (additional fee, where available*)
- ☐ 10:30 AM Delivery Required (additional fee, where available*)

*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT) PHONE (202) 295-8000

U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
CASE NO: 23-2120
717 MADISON PLACE, NW
WASHINGTON, DC

ZIP + 4® (U.S. ADDRESSES ONLY)

2 0 4 3 9 - ___ ___ ___ ___

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

PEEL FROM THIS CORNER

**PAYMENT BY ACCOUNT (if applicable)**

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No. |
|---|---|
| | |

**ORIGIN (POSTAL SERVICE USE ONLY)**

☒ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
|---|---|---|---|
| 29606 | 110823 | $ 28.75 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☒ 12 NOON 6 PM | Insurance Fee $ | COD Fee $ |
| 110723 | | | |
| Time Accepted ☐ AM ☒ PM 2:58 | 10:30 AM Delivery Fee $ | Return Receipt Fee $ | Live Animal Transportation Fee $ |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees | |
| Weight ☒ Flat Rate lbs. ozs. | Acceptance Employee Initials | $ 28.75 | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, MARCH 2019 PSN 7690-02-000-9996

COURT